

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00693-CR

The **STATE** of Texas,
Appellant

v.

Hector **SAREGUI-MENDOZA**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2022CVK001353D1
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Adrian A. Spears II, Justice
             H. Todd McCray, Justice

Delivered and Filed: August 12, 2025

REVERSED AND REMANDED

The State of Texas appeals the trial court's order granting the appellee's request for habeas

relief. For the reasons stated below, we reverse the judgment of the trial court and remand the case

for further proceedings consistent with this opinion.

### BACKGROUND

Appellee, Hector Saregui-Mendoza, was arrested and charged with misdemeanor criminal

trespass as a part of Operation Lone Star ("OLS"). Appellee subsequently filed a pretrial

application for writ of habeas corpus, arguing that the State of Texas engaged in selective prosecution by choosing to prosecute men for criminal trespass but not to prosecute similarly situated women for the same offense, in violation of the Equal Protection clauses of the United States and Texas constitutions. The trial court granted Appellee's habeas application and ordered the case dismissed.

On September 13, 2023 this court affirmed the trial court's judgment and ordered the case dismissed with prejudice. On December 11, 2024, the Court of Criminal Appeals vacated our opinion and remanded the case to consider the merits of the appeal in light of its decision in *Ex parte Aparicio*, 707 S.W.3d 189, 202 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025).

**DISCUSSION**

On appeal, the State of Texas argues that the Appellee's selective-prosecution claim is not cognizable in a pretrial habeas proceeding and that the trial court erred by granting the application for writ of habeas corpus.

*A. Standard of Review*

Generally, we review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468 (Tex. App.—San Antonio 2020, pet. ref'd)*.* "However, when, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. We will uphold the trial court's ruling "if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). "That rule holds true even if the trial

court gave the wrong reason for its ruling." *Armendariz*, 123 S.W.3d at 404 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

*B. Cognizability*

The State, in it's brief, argues that a pretrial application for writ of habeas corpus based on a claim of selective prosecution is not cognizable on appeal. The Appellee, however, disputes this argument.

From our review, the facts and arguments in this case are substantively the same as those in *Ex parte Aparicio*, in which the Court of Criminal Appeals concluded that the appellee's claim of selective arrest and prosecution was cognizable under the facts of that case. 707 S.W.3d 189, 202 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025). Accordingly, we conclude that Appellee's claim is cognizable.

*C. Selective Prosecution*

To establish a prima facie case of "selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose." *Id*. at 204 (citations omitted). The second prong requires the claimant "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id*. at 208 (emphasis in original) (quoting *U.S. v. Armstrong*, 517 U.S. 456, 464–65 (1996)). In other words, the claimant must show by "'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id*. at 210 (emphasis in original) (citations omitted).

The evidence here is substantively the same as the evidence presented in *Aparicio*. *Id*. at 189. We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that the evidence is insufficient to show that the State of Texas' policy was motivated by a discriminatory purpose. *Id*. at 204.

## CONCLUSION

Because Appellee failed to establish the second prong of his selective prosecution claim, the trial court erred in granting his application for writ of habeas corpus. Accordingly, we reverse the trial court's order granting Appellee's pretrial application for writ of habeas corpus and remand this matter to the trial court for further proceedings consistent with this opinion. We also dismiss any other pending motions as moot.

PER CURIAM

DO NOT PUBLISH